**REESE LLP**
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
*mreese@reesellp.com*

**RATHJE WOODWARDLLC**
Yates M. French (to be admitted *pro hac vice*)
300 E. Roosevelt Road, Suite 300
Wheaton, Illinois 60187
Telephone: (630) 668-8550
*yfrench@rathjewoodward.com*

**BURKE LAW OFFICES LLC**
Alexander H. Burke (to be admitted *pro hac vice*)
909 Davis Street, Suite 500
Evanston, Illinois 60201
Tele 312-729-5288
*ABurke@BurkeLawLLC.com*

*Counsel for Plaintiffs and the Proposed Classes*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mark Kuznicki, Leatrice Singleton Megan Bernard, Michael Hoyer, and Joshua Kunnmann, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Chobani, LLC<br><br>Defendant. | **Case No. 26-cv-5339**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiffs Mark Kuznicki, Leatrice Singelton, Megan Bernard, Michael Hoyer, Joshua Kunnmann, by their undersigned attorneys alleges upon information and belief, except for allegations pertaining to Plaintiffs, which are based on personal knowledge:

## INTRODUCTION

1. This case is about the deceptive package labeling of CHOBANI ZERO SUGAR yogurt.

2. This product is sold in approximately 95,000 retail locations across the United States, including in New York. The package labeling looks like – or substantially like – this:




3. In contradiction to the yogurt's labeling, advertising and name, instead of having "zero" sugar, every serving of CHOBANI ZERO SUGAR yogurt is sweetened with 4 grams – about one teaspoon – of allulose.

4. This is a straightforward case. Defendant has sold millions of containers of yogurt to unsuspecting consumers by telling them that it has "zero sugar" and "no sugar." As it turns out, CHOBANI ZERO SUGAR contains sugar. Selling consumers a food product that is intentionally mislabeled and intended to deceive them violates the consumer protection laws of New York, California, Pennsylvania and Michigan.

5. This complaint seeks relief for Plaintiffs and asserts causes of action for violations of the consumer protection laws of New York, California, Pennsylvania and Michigan.

6. There is no such thing as "zero sugar" allulose; that doesn't exist. To peddle this contradiction in terms, Defendant deceived the public through misleading packaging statements and labels. This deceptive and unfair practice earned them many millions of dollars, while doing substantial damage to consumers.

**STATEMENT REGARDING RELATED NDIL LAWSUIT**

7. This case alleges claims and conduct substantially identical to a class action lawsuit currently pending in the Northern District of Illinois: *Franco v.Chobani*, case no. 1:23-cv-3047. ("NDIL Lawsuit") that is proceeding just on behalf of an Illinois class.

8. The NDIL Lawsuit has been pending since 2023, and recently resulted in a landmark ruling from the 7th Circuit confirming the central legal theory of this case: that "Allulose is a sugar." *See Franco v. Chobani, LLC*, 789 F. Supp. 3d 584, 599 (N.D. Ill. 2025), *rev'd,* No. 25-2087, 2026 WL 2150193 (7th Cir. July 27, 2026)

9. Plaintiffs in this case are represented by the same counsel as the Plaintiffs in the NDIL Lawsuit.

10. Plaintiffs are pursuing their claims, individually and on behalf of the corresponding classes.

## PARTIES

11. Mark Kuznicki resides in Brooklyn, New York. In the Fall of 2023, he purchased Chobani's deceptively labeled product. He saw the CHOBANI ZERO SUGAR product labeling, including the "zero sugar" and "no sugar" labels and statements. In reliance on these deceptive labels, he purchased the product because he reasonably believed it contained zero sugar.

12. Leatrice Singleton resides in the Bronx, New York. In the Fall of 2023, she purchased Chobani's deceptively labeled product. She saw the CHOBANI ZERO SUGAR product labeling, including the "zero sugar" and "no sugar" labels and statements. In reliance on these deceptive labels, she purchased the product because she reasonably believed it contained zero sugar.

13. Megan Bernard resides in California. In 2023, she purchased Chobani's deceptively labeled product. She saw the CHOBANI ZERO SUGAR product labeling, including the "zero sugar" and "no sugar" labels and statements. In reliance on these deceptive labels, she purchased the product because she reasonably believed it contained zero sugar. Chobani failed to respond to this notice and demand.

14. Michael Hoyer resided in Michigan during the relevant time period. In 2023, he purchased Chobani's deceptively labeled product. He saw the CHOBANI ZERO SUGAR product labeling, including the "zero sugar" and "no sugar" labels and statements. In reliance on these deceptive labels, he purchased the product because he reasonably believed it contained zero sugar.

15. Joshua Kunmann resides in Pennsylvania. In 2023, he purchased Chobani's deceptively labeled product. He saw the CHOBANI ZERO SUGAR product labeling, including the "zero sugar" and "no sugar" labels and statements. In reliance on these deceptive labels, he purchased the product because he reasonably believed it contained zero sugar. Pursuant to

Pennsylvania Statute § 201-9.2, he sent Chobani a pre-suit notice and demand on March 14, 2024. Chobani never responded.

16. Defendant Chobani, LLC is a Delaware limited liability company with its headquarters in New Berlin, New York. It is identified on the CHOBANI ZERO SUGAR package labeling as the manufacturer of the product. On information and belief, Chobani, LLC is one of, if not the only, member of Defendant.

## JURISDICTION AND VENUE

17. The Court has subject matter jurisdiction over the case pursuant to the Class Action Fairness Act, 28 U.S.C. §1332, because the case is brought as a class action under Fed. R. Civ. P. 23.

18. At least one proposed class member is of diverse citizenship from Defendant.

19. The proposed class and each proposed state specific subclass includes more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

20. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant engaged in substantial conduct relevant to Plaintiffs' claims within this District and has caused harm to Class members residing within this District.

## ALLEGATIONS OF FACT

### A. Defendant Has Deceptively Marketed and Labeled CHOBANI ZERO SUGAR Yogurt

21. As set forth in more detail below, Defendant has engaged in a scheme to deceive consumers by selling them "zero sugar" yogurt that is actually made by adding sugar as a sweetener.

22. This deception was carried out intentionally in a bid to enrich Chobani and its owners.

23. And it largely worked; consumers have been deceived into purchasing CHOBANI ZERO SUGAR based on the reasonable belief that it contains "zero sugar." These consumers reasonably relied on Chobani's deceptive product labels and statements, and suffered damage because they were cheated out of the benefit of the bargain they believed they were making when purchasing the product.

24. It proclaimed on the product labeling: "We did it – we took the sugar out of the milk!" and "This one-of-a-kind product has zero sugar."

25. This was a big deal for Chobani. As its initial press release explained, "Chobani® Zero Sugar* is the first nationally distributed product in the U.S. yogurt aisle that has **no sugar**. [1]

26. Labeling the product "Zero Sugar" even though it had 4g of allulose per serving was a deliberate marketing strategy meant to capitalize on consumer demand by misleading consumers. It is well known that consumers have expressed a strong desire for "zero sugar" or "no sugar" products as part of recent healthy eating trends; consumer reports have determined that over 70% of Americans are trying to limit or avoid sugars in their diet.[2] Likewise, consumers are wary of products containing artificial or processed sweeteners.

27. Tricking consumers into believing that CHOBANI ZERO SUGAR actually contained zero sugar was also key to Chobani's strategy to grow sales.

---

[1] *Chobani® Zero Sugar* is lactose-free, full of flavor, and perfect for health-conscious consumers* , June 15, 2021, https://www.chobani.com/newsroom/our-news/chobani-zero-sugar-lactose-free

[2] International Food Information Council, 2022 Food and Health Survey, May 18, 2022, https://foodinsight.org/wp-content/uploads/2022/06/IFIC-2022-Food-and-Health-Survey-Report-May-2022.pdf

28. Chobani filed its IPO "Form S-1" with the Securities and Exchange Commission[3] as part of its planned IPO. This document contains a general description of Chobani's businesses, and is used to entice potential shareholders to participate in the IPO and acquire Chobani stock.

29. The S-1 is replete with references to CHOBANI ZERO SUGAR, which is specifically identified as a key part of Chobani's "New Product Platform Innovation." The S-1 goes on to explain that "Chobani with Zero Sugar has significant opportunity for growth."

30. For that reason, in its bid to increase profits in advance of the IPO, Chobani focused its marketing on the "zero sugar" and "no sugar" claims. The CEO of Chobani explained, in his own words, that "on the packaging, we're really homing in on the zero sugar".[4]

31. Here is an example of what "homing in" on zero sugar on the packaging looks like:




[3] U.S. Sec. & Exch Comm'n, Registration Statement, Chobani Inc. (2021) https://www.sec.gov/Archives/edgar/data/1869113/000095012321008491/filename1.htm.
[4] Elaine Watson, *'We've Done Something Truly Disruptive' Chobani Launches Zero Sugar Yogurts An Industry First* Food Navigator, USA June 14, 2021, https://www.foodnavigator-usa.com/Article/2021/06/14/We-ve-done-something-truly-disruptive-Chobani-launches-zero-sugar-yogurts-an-industry-first




32. CHOBANI ZERO SUGAR is prominently labeled with statements claiming that it is "zero sugar," and has "no sugar." Additional examples of the deceptive labeling used to sell CHOBANI ZERO SUGAR are compiled and attached as Exhibit 1.

33. This is all a complete deception. In fact, CHOBANI ZERO SUGAR is sweetened by adding allulose to the yogurt.

**B. What is Allulose?**

34. Allulose is a sugar.

35. It is a naturally occurring sugar that occurs in small quantities in things like raisins, maple syrup and brown sugar.[5]

[5] *A Clinical Study on the Effect of Allulose, a Low-Calorie Sugar, on in vivo Dental Plaque pH*, The Forsyth Inst., at p. 6 ("Allulose is a monosaccharide, or simple sugar, that naturally presents in small quantities in fruits like figs and raisins and a variety of sweet foods like caramel sauce, maple syrup and brown sugar") (2018).

36. However, those food items must go through substantial commercial processing in order to become the allulose Chobani uses.

37. Chemically, allulose is a monosaccharide epimer of fructose.

38. Allulose and fructose are both sugar carbohydrates that differ in the position of a single carbon atom. To illustrate, here is a diagram laying out the general chemical composition of allulose and fructose: [6]




Chemical structures of (a) D-allulose, (b) D-fructose

39. As a monosaccharide, it falls squarely within the Food and Drug Administration (“FDA”)’s codified definition of sugar. 21 C.F.R. 101.9(c)(6)(ii)

40. The FDA has confirmed in amicus briefing that Allulose meets the regulatory definition of “Total Sugars” set forth in 21 C.F.R. 101.9(c)(6)(ii). Ex. __, Amicus Brief.

41. The 7th Circuit has also confirmed that, as a matter of law, that “Allulose is a sugar under” 21 C.F.R. 101.9(c)(6)(ii). *Franco v. Chobani, LLC,* No. 25-2087, 2026 WL 2150193, at *1 (7th Cir. July 27, 2026)

---

[6] Han-Joo Maeng et al., 8 MDPI Journal 448, Foods, *Metabolic Stability of D-Allulose in Biorelevant Media and Hepatocytes: Comparison with Fructose and Erythritol*, October 1, 2019, https://www.researchgate.net/figure/Chemical-structures-of-a-D-allulose-b-D-fructose-c-D-glucose-and-d-erythritol_fig4_336222515

**C. CHOBANI ZERO SUGAR Has At Least 4 Grams of Sugar in Each Serving**

42. Chobani does not list the amount of allulose contained in CHOBANI ZERO SUGAR on the product label, but it can be discovered if you do some digging on the Chobani website.

43. Under the "products" section of the Chobani website[7] there is an option to expand an otherwise hidden nutrition panel.

44. In a footnote at the bottom of the hidden nutrition panel, Chobani includes a calculation for "net carbs."




45. This footnote reveals that every 5.3 ounce serving of CHOBANI ZERO SUGAR contain four grams of allulose[8]:

[7] For example, *see* Chobani.com, https://www.chobani.com/products/yogurt/zero-sugar/vanilla-cup
[8] This amount of allulose per serving is the same for all CHOBANI ZERO SUGAR flavors listed on the Chobani.com website.




**D. Chobani's Deceptive Marketing, Labeling And Conduct Constitute Consumer Fraud And Violate The Law**

46. Misleading people about what they are buying and putting into their bodies is wrong. When it is done by a nationwide food manufacturer who is intentionally deceiving consumers across the country, it constitutes consumer fraud.

47. New York California, and Michigan, Pennsylvania have each enacted statutory protections to prevent and punish the sort of deceptive and unfair trade practices in which Chobani has engaged.

48. These laws broadly prohibit unfair business practices, including deceptive advertising. Generally, these acts provide private rights of action. The core prohibitions of these laws are interpreted for the most part interchangeably.

49. As enumerated below, Defendant has violated the common elements of these state-specific consumer protection laws.

50. Defendant's marketing and labeling of CHOBANI ZERO SUGAR was likely to, and did in fact, deceive reasonable consumers. This is because a reasonable interpretation of the labels: (a) "zero sugar" and (b) "no sugar" is that the labeled food actually has: (x) zero sugar and (y) no sugar.

51. Plaintiffs and all class members, upon viewing the deceptive labeling and marketing of CHOBANI ZERO SUGAR, were reasonably likely to be, and in fact were, misled.

52. At all times, Defendant's misrepresentations and deceptions were intentional. Defendant knew that (a) it was putting allulose in its yogurt; (b) allulose is a sugar; (c) its own labels misrepresented the presence and amount of sugar in CHOBANI ZERO SUGAR; (d) reasonable consumers would view and assume to be true the information on the labels when making purchasing decisions; (e) reasonable consumers would, and in fact did, rely on Chobani's deceptive misrepresentations and labels in making their purchasing decisions; (f) Chobani was not giving the consumers the benefit of the bargain; and (g) Chobani was fraudulently charging consumers for "zero sugar" and "no sugar" yogurt because it knew there was sugar in the product.

53. Indeed, even after receiving conclusive determinations from both the FDA and the 7th Circuit that allulose "is a sugar", Chobani continues to market and sell this product using false and deceptive "Zero Sugar" front label claims.

54. This deception was all carried out with the intent that Plaintiffs and other consumers in New York, California, Michigan, Pennsylvania would rely on the deceptive and unfair product labeling and description.

64. In reliance on this intentional deception, Plaintiffs were deprived of the benefit of the bargain because they did not receive what they thought they were paying for. Plaintiffs would not have bought CHOBANI ZERO SUGAR, or would have paid less for it, had they known the

truth. This deceptive conduct was carried out to enrich Defendant and its owners by boosting yogurt sales through fraudulent means.

## CLASS ALLEGATIONS

65. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the following classes:

(a) New York (the "New York Class"), by Plaintiffs Leatrice Singleton and Mark Kuznicki, on behalf of all persons in the State of New York who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt at any time from August 28, 2023 to the date of judgment;

(b) California (the "California Class"), by Plaintiff Megan Vasko, on behalf of all persons in the State of California who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt at any time from August 28, 2022 to the date of judgment;

(c) Michigan (the "Michigan Class"), by Plaintiff Michael Hoyer, on behalf of all persons in the State of Michigan who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(d) Pennsylvania, (the "Pennsylvania Class"), by Plaintiff Joshua Kunnmann, on behalf of all persons in the State of Pennsylvania who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

Excluded from all subclass are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all class/subclass members that timely and validly request exclusion, and (iii) the Judge presiding over this action.

66. Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

67. The members of the classes are so numerous and geographically dispersed that joinder of all members is impracticable. On information and belief, there are tens of thousands if not hundreds of thousands of class members. This is because, in part, Chobani distributes its products in thousands of retail locations.

68. There are numerous and substantial questions of law or fact common to all of the members of each subclass which predominate over any individual issues. Included within the common questions of law or fact include, *inter alia*:

(a) Whether Defendant engaged in the conduct alleged;

(b) Whether Defendant misrepresented the contents, traits or ingredients of CHOBANI ZERO SUGAR;

(c) Whether Defendant's "zero sugar" and "no sugar" claims are false, deceptive, and likely to mislead a reasonable person;

(d) Whether Defendant's acts constitute deceptive, unfair and fraudulent business acts and practices;

(e) Whether Plaintiffs and the class members were deprived the benefit of the bargain;

(f) Whether Defendant unjustly retained a benefit conferred by Plaintiffs and the class members;

69. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency and fairness and equity than other available methods for the fair and efficient adjudication of this controversy.

70. The claims of Plaintiffs are typical of the claims of class members, in that they share the above-referenced facts and legal claims or questions with class members, and there is a

substantially uniform relationship between the damage to Plaintiffs and Defendant's conduct affecting each state specific class/subclass.

71. Plaintiffs are adequate Class representatives because class and subclass members and Plaintiffs have no interests adverse to the interests of other class members.

72. Plaintiffs will fairly and adequately represent and protect the interests of each class and subclass member. Plaintiffs have retained competent and experienced counsel.

73. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all class and subclass members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

(a) the claims presented by Plaintiffs in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the members of the state specific classes for New York and California.

(b) given the size of individual class and subclass members' damages, few, if any, members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent class and subclass members have no substantial interest in individually controlling the prosecution of individual actions;

(c) the prosecution of separate actions by individual members of the class and state specific subclasses would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

(d) this action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiffs and members of each class and subclass can seek redress for the harm caused to them by Defendant.

74. Further, bringing hundreds of thousands of individual claims for a product that generally costs less than $10 would overburden the courts and be an inefficient method of resolving the dispute, at the center of this litigation. Adjudications with respect to individual members would, as a practical matter, be dispositive of the interest of other members who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## COUNT ONE
## NEW YORK DECEPTIVE ACT AND PRACTICES LAW ("DAPL")
## N.Y. GEN. BUS. LAW § 349
## On Behalf of Mark Kuznicki, Leatrice Singleton and the other New York Class Members

75. Plaintiffs restate and reallege all preceding allegations as though fully set forth herein.

76. Defendant, by selling, distributing, designing, packaging, and marketing CHOBANI ZERO SUGAR yogurt, as set forth above and below engaged in materially misleading deceptive acts and practices.

77. Defendant falsely labeled its CHOBANI ZERO SUGAR yogurt as containing "zero sugar" and "no sugar" while knowing those claims to be false, misleading, and deceptive.

78. Defendant's conduct was such that it was likely to mislead a reasonable consumer acting reasonably under the circumstances.

79. The sale of CHOBANI ZERO SUGAR yogurt in New York and to the New York Class is a "deceptive act and practice" in violation of §349 of the New York General Business Law.

80. Because of Defendant's materially misleading practices as described herein, Plaintiffs and the New York Class purchased CHOBANI ZERO SUGAR yogurt and were damaged and suffered economic injuries because they were deprived the benefit of their bargain.

81. Defendant's misrepresentation and fraudulent labeling was crucial to the Plaintiffs' decision to purchase what they believed to be yogurt that contained "no sugar."

82. Under §349(h), individuals, or a class of individuals, may bring an action to recover the greater of $50 or actual damages, in addition to three times the actual damages, and may also seek and be awarded attorney's fees and costs. Plaintiffs and the New York Class seek such relief.

**COUNT TWO**
**NEW YORK FALSE ADVERTISING LAW**
**N.Y. GEN. BUS. LAW § 350**
**On Behalf of Mark Kuznicki, Leatrice Singleton and the other New York Class Members**

83. Plaintiffs restate and reallege the preceding allegations set forth above.

84. Defendant, by selling, distributing, designing, packaging, and marketing CHOBANI ZERO SUGAR yogurt, as set forth above and below, engaged in false advertising, as that term is defined by §350-A of the New York General Business Law.

85. The Defendant labeled and advertised CHOBANI ZERO SUGAR yogurt (a commodity under the New York FA Act) in such a way as to be intentionally misleading in a material respect.

86. Because of Defendant's materially misleading practices as described herein, Plaintiffs purchased CHOBANI ZERO SUGAR yogurt and suffered damages because they did not receive the benefit of their bargain.

87. Defendant's misrepresentation and fraudulent labeling was crucial to the Plaintiff's decision to purchase what they believed to be yogurt that contained "no sugar."

88. Under §350-e, individuals, or a class of individuals, may bring an action to recover the greater of $500 or actual damages, plus up to three times their actual damages, and may also seek and be awarded attorney's fees and costs. Plaintiffs and the New York Class seek such relief.

## COUNT THREE
**Violation of the California Unfair Competition Law ("UCL")**
**California Civil Code § 17200**
**On Behalf of Megan Bernard and the California Class**

89. Plaintiff Bernard restates and realleges the preceding allegations set forth above as though fully set forth herein.

90. The UCL prohibits any unlawful, unfair, or fraudulent business act or practice.

91. Defendant has violated § 17200's prohibition against engaging in unlawful acts and practices by, inter alia, making the false representations as set forth more fully herein and violating among other statutes, Civil Code §§ 1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code §§ 172000 et seq., and the common law.

92. Plaintiff seeks restitution on behalf of herself and the California Class.

## COUNT FOUR
**Violation of the California's False Advertising Law ("FAL")**
**California Civil Code § 17500**
**On Behalf of Megan Bernard and the California Class**

93. Plaintiff Bernard restates and realleges the preceding allegations set forth above as though fully set forth herein.

94. The FAL prohibits unfair competition in the form of unfair advertising.

95. Defendant has violated FAL because it advertises and markets CHOBANI ZERO SUGAR yogurt in a false, unfair, and misleading manner as described herein.

96. Plaintiffs seek restitution on behalf of themselves and the California Class.

## COUNT FIVE
**Violation of the Michigan Consumer Protection Act ("MCPA")**
**Mich. Comp. Laws § 445.903, *et seq.*; Mich. Comp. Laws § 445.911(4)**
**On Behalf of Michael Hoyer and the Michigan Class**

97. Plaintiff Hoyer restates and realleges the preceding allegations set forth above as though fully set forth herein.

98. Defendant violated the MCPA by, inter alia: representing that its CHOBANI ZERO SUGAR yogurt has characteristics, benefits, or quantities that it does not have; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

99. Specifically, Defendant marketed its CHOBANI ZERO SUGAR yogurt to consumers by deceptively labeling its yogurt as "zero sugar" and "no sugar" while being fully aware that each serving contains 4 grams of sugar. Defendant knew that its representations were false and misleading.

100. Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff and the other Michigan Class members, about the characteristics and ingredients of CHOBANI ZERO SUGAR.

101. As a direct and proximate result of Defendant's violations of the MCPA, Plaintiff and the other Michigan Class members have suffered economic damages.

102. Defendant's unlawful acts and practices complained of herein affect the interests of the Michigan public by depriving them of the benefit of the bargain.

103. Plaintiff and the other Michigan Class members seek actual damages or $250, whichever is greater, for each Michigan Class member, in addition to their attorneys' fees and costs.

**COUNT SIX**
**Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Act**
**73 Pa. Stat. Ann. § 201-1 *et seq*.; 73 Pa. Stat. Ann. § 201-9.2**
**On Behalf of Joshua Kunmann and the Pennsylvania Class**

104. Plaintiff Kunmann restates and realleges the preceding allegations above as though fully set forth herein.

105. Defendant knowingly used unfair, false, misleading, and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, without limitation, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

106. As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the Commonwealth of Pennsylvania using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

107. Defendant intended Plaintiff and the other Pennsylvania Class members to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

108. Plaintiff and the other Pennsylvania Class members did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

109. At all times Plaintiff and the other Pennsylvania Class members acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

110. Plaintiff and the other Pennsylvania Class members suffered damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

Pursuant to 73 Pa. Stat. Ann. § 201-9.2(a), Plaintiffs and the Pennsylvania Class seek recovery of their actual damages or $100 per class member, whichever is greater, in addition to attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, including the members of each class respectfully request that the Court enter judgment in their favor against Defendant as follows:

A. Certifying the New York, California, Pennsylvania and Michigan Classes under Federal Rule of Civil Procedure 23 as requested herein;

B. Appointing Plaintiffs as class representatives and Plaintiffs' Counsel as class counsel for each class;

C. Awarding Plaintiffs and the members of each class actual, compensatory, punitive, statutory, treble, equitable and/or consequential damages;

D. Awarding Plaintiffs and the members of each class and subclass reasonable attorneys' fees, costs, and expenses; and,

E. Granting such other relief as the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Plaintiffs demand a jury trial on all issues.

Dated: August 28, 2026

Respectfully submitted,

**REESE LLP**

/s/ Michael R. Reese
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
*mreese@reesellp.com*

**BURKE LAW OFFICES LLC**
Alexander H. Burke
909 Davis Street, Suite 500
Evanston, Illinois 60201
Tele 312-729-5288
*ABurke@BurkeLawLLC.com*

**RATHJE WOODWARDLLC**
Yates M. French
300 E. Roosevelt Road, Suite 300
Wheaton, Illinois 60187
Telephone: (630) 668-8550
*yfrench@rathjewoodward.com*

*Counsel for Plaintiffs and the Proposed Classes*